UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| UNICHEM ENTERPRISES, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00033 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXPEDITE**

Defendant, the United States, respectfully responds to plaintiff's, Unichem Enterprises, Inc., motion to expedite this cause of action pursuant to Rule 3(g) of the Rules of the U.S. Court of International Trade (USCIT R.).  The Court should deny plaintiff's motion because the Court may not have jurisdiction over this action, and because plaintiff has failed to establish good cause for expediting this action.

As an initial matter, this action is not as straightforward as plaintiff believes.  Although we are still in the process of gathering the facts, at this time it appears that the Court may not have jurisdiction over this action in view of the ongoing investigation by the United States Drug Enforcement Administration into whether the subject merchandise violates controlled substances law.  Accordingly, it would be premature for the Court to expedite this action.  We intend to file our response to the complaint by the current due date of April 8, 2024, and anticipate that we will be able to address jurisdiction at that time.

Meanwhile, plaintiff has moved to expedite this case pursuant to USCIT R. 3(g)(3).  ECF no. 8.  Rule 3(g)(3) states that, on motion for good cause, an action "described in 28 U.S.C. § 1581(a) to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act

of 1930, involving the exclusion or redelivery of merchandise" may be given precedence over other actions pending before the court, and may be expedited in every way. In an attempt to satisfy the requirements of expedited treatment, plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1581(a), Compl. ¶ 1, asserts that it is contesting the denial of a protest involving the exclusion of merchandise by U.S. Customs and Border Protection (CBP), Compl. ¶¶ 2-3, and contends that good cause exists because "the instant matter involves CBP's denial of a protest contesting the exclusion of the merchandise, CBP has recently admitted the same merchandise in another entry Plaintiff made following CBP's initiation of the instant detention, and the merchandise has an expiration date." Pl. Mot. at 2.

This action should not be expedited. First, the Court's decision to expedite a matter involving the denial of a protest involving the exclusion of merchandise is discretionary. *See* USCIT R. 3(g) (stating that on motion for good cause, Court "may" expedite the action). As noted, jurisdiction over this action is still a question and it would be premature to expedite this matter. Second, CBP's purported actions involving another entry not covered by this action are irrelevant to whether expedited action is warranted here. Finally, without any explanation or detail, plaintiff vaguely asserts that "the merchandise has an expiration date." Thus, none of the reasons advanced by plaintiff demonstrate good cause to expedite the action.

Accordingly, for the reasons stated above, the Court should deny plaintiff's motion to expedite.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/Aimee Lee
AIMEE LEE
Assistant Director

/s/Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Dated: March 13, 2024    Attorneys for Defendant
(212) 264-9245