UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| UNICHEM ENTERPRISES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Court No. 24-00033 |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S REPLY MEMORANDUM**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
MICHAEL A. ANDERSON
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and Border
Protection

HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

May 9, 2024

Attorneys for Defendant

i

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) Because
    The Admissibility Determination For The Imports Of This Case Is Vested With
    DEA And, Thus, There Is No Protestable CBP Decision ................................................. 3

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Andritz Sundwig GMBH v. United States*,
322 F. Supp. 3d 1360 (Ct. Int'l Trade 2018) ...................................................................7

*CBB Group v. United States*,
783 F. Supp. 2d 1248 (Ct. Int'l Trade 2011) ................................................................5, 6

*Dart Exp. Corp. v. United States*,
43 C.C.P.A. 64 (1956) ......................................................................................................4

*Hartford Fire Ins. Co. v. United States*,
544 F.3d 1289 ..................................................................................................................4

*Mitsubishi Elecs. Am., Inc. v. United States*,
44 F.3d 973 (Fed. Cir. 1994) ...........................................................................................4

*U.S. Shoe Corp. v. United States*,
114 F.3d 1564 (Fed. Cir. 1997) .......................................................................................4

*Xerox Corp. v. United States*,
423 F.3d 1356 (Fed. Cir. 2005) .......................................................................................4

**Statutes**

19 U.S.C. § 1499 ...............................................................................................................3

19 U.S.C. § 1499(c) ..........................................................................................1, 4, 5, 6, 7

19 U.S.C. § 1499(c)(2) ......................................................................................................7

19 U.S.C. § 1499(c)(2)(A)-(E) ..........................................................................................7

19 U.S.C. § 1499(c)(5) ......................................................................................................5

19 U.S.C. § 1514 ...........................................................................................................3, 4

19 U.S.C. § 1514(a)(4) ..................................................................................................4, 5

19 U.S.C. § 1595a(c) .........................................................................................................6

21 U.S.C. § 801 .............................................................................................................5, 6

21 U.S.C. § 802(41) ..........................................................................................................7

21 U.S.C. § 952(b) ............................................................................................................6

ii


28 U.S.C. § 1581(a) ............................................................................................................. 1, 3, 4, 7

**Regulations**

21 C.F.R. § 1300.01(b) ................................................................................................................. 6

21 C.F.R. §§ 1300-1316 ............................................................................................................... 6

21 C.F.R. §§ 1312.11 ................................................................................................................... 7

21 C.F.R. §§ 1312.18 ................................................................................................................... 7

28 U.S.C. § 1581(a) .............................................................................................................. 1, 3, 4, 7

**Regulations**

21 C.F.R. § 1300.01(b) ................................................................................................................. 6

21 C.F.R. §§ 1300-1316 ............................................................................................................... 6

21 C.F.R. §§ 1312.11 ................................................................................................................... 7

21 C.F.R. §§ 1312.18 ................................................................................................................... 7

Case 1:24-cv-00033-TMR   Document 14   Filed 05/09/24   Page 4 of 15

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| UNICHEM ENTERPRISES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Court No. 24-00033 |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant, United States (the Government), submits this reply memorandum in further support of its motion that this action be dismissed for lack of subject matter jurisdiction. In our moving papers, we demonstrated that the Court does not possess jurisdiction over this action under 28 U.S.C. § 1581(a) because no protestable decision has been made by U.S. Customs and Border Protection (CBP). CBP has neither made an admissibility decision with respect to the merchandise nor has the merchandise been excluded by operation of law under 19 U.S.C. § 1499(c). Rather, CBP continues to detain the merchandise pending a decision by the United States Drug Enforcement Administration (DEA) on whether the merchandise is a Schedule III nonnarcotic controlled substance under the Controlled Substances Act (CSA).

In response, plaintiff, Unichem Enterprises, Inc. (Unichem), fails to discuss the legal arguments advanced in our moving brief. Rather, despite having knowledge of DEA's involvement, counsel for plaintiff questions the veracity of the Government's statements regarding DEA's role with respect to the merchandise at issue. These

assertions are irrelevant to the jurisdictional question before the Court and are also inaccurate. Thus, for the reasons stated in our moving papers and below, the Court should dismiss this action.

## BACKGROUND

This action covers one entry, Entry No. BED-0054200-4, of 7-keto dehydroepiandrosterone (7-Keto DHEA) that plaintiff tried to import through Newark Liberty International Airport on November 8, 2023. Compl. ¶¶ 2, 11; Rule 73.1 filing (ECF No. 16). CBP detained the merchandise on November 8, 2023 because plaintiff had not submitted a Controlled Substance Import/Export Declaration (DEA Form 236) and CBP was concerned that the shipment contained controlled substances. CBP issued its first detention notice for the subject merchandise on November 8, 2023. Compl. ¶ 13; Pl. Resp. at Ex. A.

On November 14, 2023, CBP sent a sample of the subject merchandise to CBP's Laboratory of Scientific Services for analysis and identification. On or around November 14, 2023, DEA requested that CBP continue to detain the shipment and that CBP provide the laboratory report to DEA. DEA requested the detention because it suspected that the subject merchandise is an anabolic steroid treated as a Schedule III controlled substance under the CSA and DEA's regulations. On December 7, 2023, CBP issued a second detention notice for the subject merchandise because CBP had not completed testing samples of the merchandise and DEA had not determined whether the merchandise was admissible. *See* Pl. Resp. at Ex. B.

On December 11, 2023, plaintiff filed a protest, Protest No. 4601-23-136557, challenging CBP's decision to "detain/exclude" the subject merchandise. Compl. ¶¶ 2,

15; Rule 73.1 filing (ECF No. 16).  Plaintiff alleged that CBP had "withheld the merchandise from delivery for more than 30 days without legal authority," and stated that the merchandise should be released to the importer "forthwith" pursuant to 19 U.S.C. § 1499.  Rule 73.1 filing (ECF No. 16).

On January 6, 2024, CBP issued a third detention notice for the subject merchandise because it was still waiting for the laboratory to complete its testing and DEA had not determined whether the merchandise was admissible.  On January 9, 2024, CBP denied Unichem's protest on the basis that the challenged decision was "non-protestable."  Compl. ¶ 16; Rule 73.1 filing (ECF No. 16).

On January 10, 2024, CBP's laboratory report presumptively confirmed the identity of the merchandise in the November 8, 2023 shipment as 7-Keto DHEA, as declared by plaintiff.  CBP subsequently forwarded the laboratory report to DEA. On February 5, 2024, CBP issued a fourth detention notice for the subject merchandise because DEA was actively investigating the subject merchandise and it had not yet determined if the subject merchandise was admissible.  Pl. Resp. at Ex. C.  On February 6 and 7, 2024, plaintiff filed its summons and complaint, respectively.

## ARGUMENT

**The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) Because The Admissibility Determination For The Imports Of This Case Is Vested With DEA And, Thus, There Is No Protestable CBP Decision**

As set forth in the Government's opening brief, 28 U.S.C. § 1581(a) grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  Congress created an express scheme, embodied by 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514 for the importer to challenge certain decisions of CBP, including the exclusion of

3

merchandise. *See Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1291 (Fed. Cir. 2008) ("In subsection 1581(a), Congress set out an express scheme for administrative and judicial review of Customs' actions.") (citations omitted); *see also* 19 U.S.C. § 1514(a)(4) (providing that "the exclusion of merchandise from entry" is a protestable CBP decision). However, "'Customs must engage in some sort of decision-making process in order for there to be a protestable decision.'" *Xerox Corp. v. United States*, 423 F.3d 1356, 1363 (Fed. Cir. 2005) (*Xerox*) (quoting *U.S. Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997), and citing *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994), and *Dart Exp. Corp. v. United States*, 43 C.C.P.A. 64, 69–70 (1956)).

Here, plaintiff alleges that the subject merchandise was deemed excluded by operation of law (Compl. ¶ 14), which if such action had occurred, would be reviewable by the Court under 19 U.S.C. § 1514(a)(4) and 28 U.S.C. § 1581(a). However, as discussed in our opening brief, the subject merchandise has not been excluded by operation of law (*see* 19 U.S.C. § 1499(c)), and therefore there is no decision that is reviewable under the administrative protest scheme of 19 U.S.C. § 1514(a)(4) or the Court's jurisdictional provision of 28 U.S.C. § 1581(a). Rather, CBP continues to detain the merchandise pending an admissibility decision by DEA. Admissibility determinations by DEA are not reviewable by this Court.

More specifically, 19 U.S.C. § 1499(c) makes clear that its provisions do not apply "in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service." 19 U.S.C. § 1499(c). The question of whether Congress vested an admissibility determination in an

4

agency other than CBP (for purposes of 19 U.S.C. § 1499(c)) hinges on whether another agency has taken responsibility for determining the legality of the merchandise, even if that agency does not necessarily have separate authority to detain or exclude the merchandise.  *See CBB Group*, 783 F. Supp. 2d at 1251 (Ct. Int'l Trade 2011).  CBP and DEA are both authorized to enforce the controlled substances laws.  *See* 19 U.S.C. § 1595a(c); 21 U.S.C. § 801 *et seq*.  Here, however, DEA, not CBP, is actively investigating whether the subject merchandise is an anabolic steroid treated as a Schedule III controlled substance under the CSA and DEA's regulations.  Therefore, DEA is making the admissibility determination for plaintiff's merchandise and the provisions of 19 U.S.C. § 1499(c)(5), which relate to CBP and provide for a deemed exclusion, are inapplicable.  Accordingly, there has been no decision by CBP under 19 U.S.C. § 1514(a)(4) over which the Court has jurisdiction to review.

       In response, plaintiff fails to discuss – let alone counter – our legal analysis that 19 U.S.C. § 1499(c) is inapplicable because DEA is vested with the admissibility decision involving the subject merchandise.  Rather, plaintiff questions the truthfulness of our statements that DEA is actively investigating the merchandise under the CSA and DEA's regulations, and insists that the admissibility determination is vested with CBP alone, or at least concurrently with DEA, or that DEA has no such authority at all.  *See generally* Pl. Resp.; *see also* Pl. Resp. at 3.  Plaintiff also argues that there is no evidence to support DEA's involvement and that CBP's detention notices "negate[] the government's claim that the DEA initiated this detention."  Pl. Resp. at 4.  Finally, plaintiff asserts that had the detention notices indicated DEA's involvement, plaintiff would not have filed "a protest resulting in needless litigation before this court."  *Id.* at 2.

5

Plaintiff's arguments are not relevant to the question of jurisdiction and are contradicted by the facts and the law.

      First, plaintiff is wrong that DEA has no authority to determine the admissibility of the subject merchandise or that "DEA's involvement is unnecessary" because "CBP explicitly has Title 21 authority under the customs laws."  Pl. Resp. at 3 (plaintiff argues that "at a minimum, CBP has concurrent vested authority with the DEA to detain and determine the admissibility of the subject merchandise, and, at a maximum, the DEA has no such authority at all.").  DEA regulates controlled substances through the CSA, 21 U.S.C. § 801 *et seq.*, as well as DEA regulations promulgated thereunder.  21 C.F.R. §§ 1300-1316.  *See* Def. Br. at 8-9.  The fact that CBP is separately authorized to enforce controlled substances laws and to seize illegally imported controlled substances (*see* 19 U.S.C. § 1595a(c)) does not mean that it is "vested" with the admissibility determination here.  Rather, DEA is actively determining whether the subject merchandise violates the controlled substances laws and thus whether it is admissible and, therefore, for purposes of jurisdiction, the provisions of 19 U.S.C. § 1499(c) do not apply.  *Cf. CBB Group v. United States*, 783 F. Supp. 2d 1248, 1251 (Ct. Int'l Trade 2011) (finding that the provisions of 19 U.S.C. § 1499(c) applied because it was undisputed that, for the specific merchandise at issue, CBP was solely responsible for determining whether copyright violations had occurred).

      DEA is actively investigating whether the substance at issue here (7-Keto DHEA) is controlled under the statutory and regulatory definition of an anabolic steroid because it is unlawful to import such substances without first registering with DEA and filing a DEA Form 236.  *See* 21 U.S.C. § 802(41); 21 C.F.R. § 1300.01(b); 21 U.S.C. § 952(b);

21 C.F.R. §§ 1312.11 and 1312.18; *see also* Def. Br. at 8-9.  Therefore, because the admissibility determination here will be made by DEA pursuant to the controlled substances laws, and not pursuant to the customs laws, the Court does not have jurisdiction under 28 U.S.C. § 1581(a).  *See Andritz Sundwig GMBH v. United States*, 322 F. Supp. 3d 1360, 1364 (Ct. Int'l Trade 2018) (finding that because the importer's protest involved an exclusion pursuant to agricultural laws instead of customs laws, it did not have jurisdiction under 28 U.S.C. § 1581(a)).

Second, because DEA is "vested" with the admissibility determination for plaintiff's merchandise, the notice provisions under section 1499(c)(2) do not apply to the facts of this case.[1]  Importantly, 19 U.S.C. § 1499(c) makes clear that its provisions do not apply "in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service."  19 U.S.C. § 1499(c).  Therefore, plaintiff's complaint about the content of the detention notices (Pl. Resp. at 4) is not determinative of the jurisdictional question here, and does not override the fact that the admissibility determination for plaintiff's merchandise is vested with DEA, for purposes of this case.

Finally, plaintiff attacks the veracity of our statements regarding DEA's involvement with respect to CBP's detention of the merchandise at issue.  *See, e.g.*, Pl. Resp. at 1 ("There is nothing in the record other than government counsel's bald

---

[1] 19 U.S.C. § 1499(c)(2) states that CBP "shall issue a notice to the importer . . . no later than 5 days . . . after the decision to detain the merchandise is made."  The statute further provides that the notice shall advise the importer of the following:  the initiation of the detention, the specific reason for the detention, the anticipated length of the detention, the nature of the tests or inquiries to be conducted, and the nature of any information which, if supplied to CBP, may accelerate the disposition of the detention.  19 U.S.C. § 1499(c)(2)(A)-(E).

7

assertions . . . to indicate that DEA shares such authority with CBP, or, if it does, that it exercised it here."); Pl. Resp. at 2 ("Indeed, there is no evidence to support the government's spurious claims and all the available evidence indicates that DEA had no role whatsoever in the detention."); Pl. Resp. at 5 ("But, the specific documentary record before the court casts doubt that the DEA is even involved much less directing CBP's detention of the freight from behind the scenes."). Yet, counsel's direct communications with DEA regarding the specific entry at issue prior to commencing this action reveal that counsel knew about DEA's involvement. Specifically, as explained in the declaration by Mr. Brian J. Six, Division Counsel for DEA, San Francisco Field Division, counsel for plaintiff contacted DEA in October 2023 involving a different shipment by Unichem where "DEA registration requirements, and administrative subpoenas DEA issued concerning that shipment" were discussed. *See* Declaration of Mr. Brian J. Six (Decl.) ¶ 4, attached.

Counsel for plaintiff then contacted Mr. Six in January 2024 to discuss the specific entry at issue (and two other unrelated shipments). Decl. ¶¶ 5, 6. During a telephone call on January 22, 2024 with Mr. Six, counsel for plaintiff expressed his opinion that the merchandise was not a controlled substance. Decl. ¶ 6. Mr. Six explained that "a substance may still be a Schedule III anabolic steroid even if it is not listed in statute or regulation" because it "may meet the definition of a Schedule III anabolic steroid if it is chemically and structurally similar to an anabolic steroid, and it is being marketed or promoted for muscle growth." Decl. ¶ 9. Mr. Six further explained that plaintiff "must be a DEA registrant to import controlled substances and file a controlled substance import/export declaration, *i.e.*, a DEA Form 236." Decl. ¶ 10.

Counsel for Unichem "relayed that he understood DEA's need to review the shipments." Decl. ¶ 7.

Thereafter, on January 29, 2024, counsel for Unichem requested via email a status update from Mr. Six regarding DEA's decision regarding the shipment, and advised Unichem's position that 7-Keto DHEA is not "structurally or similarly the same as any controlled substance." Decl. ¶ 12. He also stated that he would file a complaint in the Court of International Trade unless he heard from Mr. Six. Decl. ¶ 12. Mr. Six responded that "DEA was coordinating with CBP." Decl. ¶ 12. Finally, on February 5, 2024, counsel for Unichem emailed Mr. Six, stating: "Please confirm DEA will release this shipment or we will plan to file our complaint in the CIT tomorrow." Decl. ¶ 14. The foregoing direct communications with DEA demonstrate that counsel for Unichem was cognizant of DEA's investigation involving the merchandise at issue. Yet despite these communications with DEA, counsel asserts that "all the available evidence indicates the DEA had no role whatsoever in the detention." Pl. Resp. at 2. Counsel's insincere characterizations are not supported by his own communications with DEA, and should therefore be disregarded.

## **CONCLUSION**

For the foregoing reasons and those in the Government's opening brief, this Court should dismiss this action for lack of subject matter jurisdiction.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
| By: | /s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
| Of Counsel:<br>MICHAEL A. ANDERSON<br>Office of the Assistant<br>Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border<br>Protection | /s/ Hardeep K. Josan<br>HARDEEP K. JOSAN<br>Trial Attorney<br>International Trade Field Office<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9245 or 9230 |
| May 9, 2024 | Attorneys for Defendant |

10

**CERTIFICATE OF COMPLIANCE**

    I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's reply memorandum in further support of defendant's motion to dismiss, dated May 9, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,506 words.

                                                              /s/ Hardeep K. Josan