

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

September 12, 2024

**VIA CM/ECF**

      Re:    *Unichem Enterprises, Inc. v. United States*
               Court No. 24-00033

Dear Counsel:

      Oral argument in this action is scheduled for September 19, 2024, at 10:00am ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference.  In preparation for oral argument, the court would like counsel to be prepared to address the issues noted below.  As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question.  To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing.  Any counsel who intends to participate virtually via video conference is instructed to inform the case manager, Lewis Hugh, and is further instructed to test their Internet connection, audio performance and video performance prior to joining the oral argument.  If counsel experiences any difficulties during the test, the court instructs counsel to connect to the oral argument through the provided telephone dial-in.  In this case, counsel may also choose to connect with their computer camera but must speak through the telephone.  Finally, counsel is instructed to turn their camera on and to remain visible to the court throughout the duration of the oral argument.

      Please be advised that the use of personal devices with screens is prohibited in the courtroom during the duration of the oral argument.

      For the oral argument, the court would like parties to focus primarily on the following issues.

I. **Attached documents and current status of the entry**

    A.   Plaintiff attached to its response brief the original detention notice (dated November 8, 2023), the second detention notice (dated December 7, 2023) and the fourth detention notice (dated February 5, 2024).

        1.   Parties state that on January 6, 2024, Customs issued to plaintiff a third detention notice. Def. Br. at 4; Pl. Br. at 4. Plaintiff did not attach this notice to its response brief. Please address whether the information provided in this detention notice was consistent with the information provided in the other detention notices.

        2.   Plaintiff attached to its response brief two detention notices dated December 7, 2024. The second such notice provided a different "Air Waybill No." than the first detention notice of that date. In addition, this second notice stated that the detention was initiated on November 14, 2023, not on November 8, 2023. Please explain the significance of this detention notice.

    B.   On November 8, 2023, Customs detained plaintiff's merchandise. Defendant asserts that "on or around November 14, 2023," the DEA requested that Customs continue to detain the merchandise. Def. Reply Br. at 2. According to defendant, Customs continued the detention because the "DEA [had] not determined whether the merchandise was admissible." *Id.* Defendant states in addition that Customs forwarded to the DEA the lab report of January 10, 2024. *Id.* However, there is no indication in any documents before the court that the DEA was involved in the detention or analysis of plaintiff's merchandise.

        1.   Please describe the circumstances by which the DEA came to be involved in the detention of plaintiff's merchandise.

        2.   Is there any contemporaneous documentation that the DEA was involved either in the detention of plaintiff's merchandise or in the determination as to whether the merchandise is a controlled substance?

    C.   In the status report to the court of June 25, 2024, defendant stated that the DEA had requested that Customs seize plaintiff's entry. Status Report at 1, ECF No. 21. According to defendant in that status report, Customs intended to seize the entry "on DEA's behalf no sooner than thirty (30) days from" June 25, 2024. *Id.*

- What is the current status of plaintiff's entry?

## II. Whether the instant "determination of admissibility is vested in" the DEA

A. 19 U.S.C. § 1499(c)(2) requires that Customs "issue to the importer" a notice "after the decision to detain the merchandise is made." Section 1499(c) states expressly that the notice requirement of that subsection applies "[e]xcept in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service."

- The second and fourth detention notices were issued "pursuant to" Customs' authority under § 1499. Please explain whether it is Customs' practice to issue detention notices "pursuant to § 1499" even when the "determination of admissibility is vested in an agency other than the Customs Service."

B. 19 U.S.C. § 1595a(c)(1)(B) provides Customs with the authority to seize merchandise that "is a controlled substance, as defined in the Controlled Substances Act . . . , and is not imported in accordance with applicable law." 21 U.S.C. § 952, however, authorizes the Attorney General to establish regulations governing the importation of controlled substances. *See also* 21 C.F.R. § 1312.11(b) (requiring an "import declaration" to import a Schedule III non-narcotic controlled substance); *id.* § 1312.18 (setting requirements for import declarations).

- Which agency has the authority to determine whether the imported merchandise is a controlled substance?

C. Defendant asserts that the DEA is vested with the authority to determine the admissibility of plaintiff's merchandise and that Customs detained the merchandise "on behalf of" the DEA. Def. Br. at 14 (citing H.R. Rep. 103-361, pt. 1, at 112).

1. Please describe the procedures by which Customs detains merchandise on behalf of another agency. *See, e.g.*, *Andritz Sundwig GMBH v. United States*, 42 CIT __, 322 F. Supp. 3d 1360 (2018) (describing how Customs issued to the importer "Emergency Action Notifications" that listed the USDA as the "supervisory agency").

3

    2.    Please explain whether it is Customs' practice when it detains merchandise on behalf of another agency to so notify the importer.

    3.    In *Andritz Sundwig*, 42 CIT at __, 322 F. Supp. 3d at 1364, this Court held that it lacked jurisdiction because plaintiff's protest "[did] not involve the exclusion of merchandise pursuant to the customs laws, but rather agricultural laws."  Defendant relies on *Andritz Sundwig* and states: "[B]ecause the admissibility determination here will be made by DEA pursuant to the controlled substances laws, and not pursuant to the customs laws, the Court does not have jurisdiction under 28 U.S.C. § 1581(a)."  Def. Reply at 7.

- Can parties point to any other authority addressing admissibility determinations that were not made pursuant to the customs laws?

D.    After merchandise has been "deemed excluded," § 1499(c)(5)(C) requires that the court "grant the appropriate relief" unless "the Customs Service establishes by the preponderance of the evidence that an admissibility decision has not been reached for good cause."  The House Report accompanying the Customs Modernization Act indicated that the court may exercise jurisdiction to review a deemed exclusion for "good cause" even where Customs relies on another agency in reaching an admissibility determination.  For example:

> In meeting the "good cause" burden related to an admissibility decision before the Court of International Trade, the Committee intends that the Customs Service may satisfy the "good cause" burden by showing that another federal agency with jurisdiction over an admissibility decision has not yet reached a determination regarding the admissibility of the merchandise.

H.R. Rep. 103-361, pt. 1, at 112.

- Please address the reasons that this legislative history supports — or does not support — the conclusion that the court has jurisdiction over the denial of plaintiff's protest.

4

Sincerely,

/s/ Timothy M. Reif

_____
Timothy M. Reif, Judge