UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| UNICHEM ENTERPRISES, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Court No. 24-00033 |
| UNITED STATES, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Upon reading defendant's motion to supplement the motion to dismiss to provide additional documentation and briefing, plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted; and it is further

**ORDERED** that defendant shall file the additional documentation and brief within seven calendar days of this order.

 

 

_____

Judge

Dated: _____

New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

_____

UNICHEM ENTERPRISES, INC.,    :
                              :
                Plaintiff,    :
                              :
        v.                    :
                              :    Court No. 24-00033
UNITED STATES,                :
                              :
                Defendant.    :
_____ :

## DEFENDANT'S MOTION TO SUPPLEMENT THE MOTION TO DISMISS TO PROVIDE ADDITIONAL DOCUMENTATION AND BRIEFING

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, United States (the Government), respectfully requests the opportunity to supplement the motion to dismiss in two ways:  (1) to provide email and letter communications between U.S. Customs and Border Protection (CBP) and the United States Drug Enforcement Administration (DEA); and (2) to provide a written response to plaintiff's supplemental submission and to present written analysis regarding the Court's jurisdiction now that the merchandise has been seized.

By way of background, this action covers one entry, Entry No. BED-0054200-4, of merchandise (7-keto dehydroepiandrosterone (7-Keto DHEA)) that UniChem Enterprises, Inc. (plaintiff or UniChem) tried to import through Newark Liberty International Airport on November 8, 2023.  Alleging jurisdiction under 28 U.S.C. § 1581(a), plaintiff contends that CBP incorrectly excluded the merchandise.  *See generally* Compl.  We moved to dismiss this action for lack of jurisdiction because no protestable decision has been made by CBP.  ECF No. 11.  We argued that CBP has neither made an

admissibility decision with respect to the merchandise nor has the merchandise been

excluded by operation of law under 19 U.S.C. § 1499(c). *Id.* Rather, CBP detained the

merchandise pending a decision by DEA on whether the merchandise is a Schedule III

nonnarcotic controlled substance under the Controlled Substances Act. *Id.* After briefing

on the motion to dismiss was complete, on June 25, 2024, we notified the Court that DEA

informed CBP that the merchandise is a controlled substance and that UniChem's

importation violates DEA's regulations. ECF No. 21. DEA also requested that CBP

seize the merchandise on its behalf. *Id.* Subsequently, CBP seized the merchandise on

September 10, 2024, and mailed notice of the seizure to UniChem on September 17,

2024. ECF No. 25.

On September 19, 2024, the Court held oral argument on the motion to dismiss.

In its written questions issued prior to the argument and during the argument, the Court

expressed concern over the lack of documents that "the DEA was involved in the

detention or analysis of plaintiff's merchandise." ECF No. 22. The Court also asked

whether there was "any contemporaneous documentation that the DEA was involved

either in the detention of plaintiff's merchandise or in the determination as to whether the

merchandise is a controlled substance." *Id.* At oral argument, we indicated that there

may be email communications responsive to the Court's question. Pursuant to the

Court's request, on September 24, 2024, plaintiff filed a supplemental submission on

federal agencies' authority to detain and admit merchandise. ECF No. 27.

First, after the Court expressed concern over the lack of contemporaneous

documentation showing DEA's involvement, CBP conducted a review of its internal

records to determine if there are any documents responsive to the Court's questions.

CBP has identified email communications between CBP and DEA personnel from November 8, 2023 (the date of entry and detention) through January 29, 2024 demonstrating that CBP was detaining the merchandise at issue until DEA completed its investigation.  Additionally, as referenced in our June 25, 2024 status report, DEA informed CBP via letter of its determination that the entry at issue is a controlled substance and requested that CBP seize the merchandise on DEA's behalf.  ECF No. 21. The email communications and letter are responsive to the Court's question, and further support the conclusion that DEA is vested with the admissibility determination here.

Second, in its supplemental submission, plaintiff argues that "[c]ertain federal agencies are vested with authority to detain and admit imported merchandise within their purview" and that "DEA is not vested with authority to detain or admit imported controlled substances."  ECF No. 27.  We respectfully request an opportunity to respond and explain why the authority to detain and admit is not the controlling analysis for the jurisdictional question here.  We would also like to address the parameters of the Court's jurisdiction now that the merchandise has been seized.  The additional analysis will be helpful in assessing the complex question of jurisdiction in this case.

### CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Government's motion to supplement the motion to dismiss to provide additional documentation and briefing.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

Of Counsel:                          /s/ Hardeep K. Josan
MICHAEL A. ANDERSON                  HARDEEP K. JOSAN
Office of the Assistant              Trial Attorney
Chief Counsel                        International Trade Field Office
International Trade Litigation        Department of Justice, Civil Division
U.S. Customs and Border              Commercial Litigation Branch
Protection                           26 Federal Plaza, Room 346
                                     New York, New York 10278
                                     (212) 264-9245
October 1, 2024                      Attorneys for Defendant

4

## **CERTIFICATE OF COMPLIANCE**

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Motion to Supplement the Motion to Dismiss to Provide Additional Documentation and Briefing, dated October 1, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 703 words.

/s/ Hardeep K. Josan