**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| UNICHEM ENTERPRISES, INC. | x | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 24-00033 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | x | |

## PLAINTIFF'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO SUPPLEMENT MOTION TO DISMISS

Plaintiff UniChem hereby opposes Defendant United States' motion for leave to supplement its motion to dismiss to: (1) supplement the record with correspondence between CBP and the DEA; and (2) respond to Plaintiff's filing on authorities and brief whether this Court has jurisdiction now that CBP has purportedly seized the subject merchandise. The Government fails to cite any legal authority for its extraordinary request to radically deviate from this Court's scheduling order and briefing schedule to supplement its motion to dismiss and reply briefs several months out of time. Nor does the Government provide any factual justification for its request. Given no legal authority or factual justification exist to grant the Government's motion, this Court should deny the motion.

1

## LEGAL STANDARD FOR LEAVE TO SUPPLEMENT

This Court's rules do not provide for supplemental briefing following a reply brief, either by the moving or non-moving party. Federal courts generally disfavor supplemental briefing, viewing them as attempts to sidestep scheduling orders and permissible briefing requirements. See Wright ex rel. Trust Co. v. Abbott Labs., 62 F.Supp.2d 1186, 1187 n.1 (D. Kan. 1999), *aff'd*, 259 F.3d 1226 (10th Cir. 2001) (denying a motion to file a sur-reply); Cotracom Commidity Trading Co. v. Seaboard Corp., 189 F.R.D. 655 (1999) (holding supplemental briefs are disfavored). Traditionally, this Court, like other federal courts, has only allowed supplemental briefing if it raises an issue or fact that could not have been raised before. See LG Elecs., Inc. v. U.S. Int'l Trade Comm'n, 37 C.I.T. 1589, 1591–92 (2013), as amended (Dec. 27, 2013), citing *Crummey v. Social Sec. Admin.,* 794 F.Supp.2d 46, 62–64 (D.D.C.2011) (denying plaintiff's motion to file a sur-reply for several reasons, including: (1) the reply did not expand the scope of issues presented; (2) the local rules contemplate only three memoranda on a given motion; and (3) a general disfavor for sur-replies or other supplemental briefing); see also Saha Thai Steel Pipe Co. v. United States, 661 F.Supp. 1198, 11 CIT 257, 259 n. 5 (1987) (denying the Government's leave to file a reply because the Government already had sufficient opportunity to respond to legal issues). See also, U.S. v. Nealy, 232 F.3d 825 (2000) (the Eleventh Circuit only allows supplemental briefs on new authority or

2

developments that occur after the initial briefs are filed). This standard tracks the standard for supplemental pleadings in Rule 15(d) of this Court's rules, which only permits a party to serve a supplemental pleading setting out a transaction, occurrence, or event that happened **after** the date of the pleading to be supplemented.

## THERE ARE NO LEGAL OR FACTUAL GROUNDS FOR LEAVE TO SUPPLEMENT ADDITIONAL EVIDENCE

The Government fails to even mention these authorities, much less apply the facts here to the legal standards set forth therein, perhaps because it lacks any justification under them to support its motion. This glaring omission is fatal to the Government's motion. Plaintiff's research conclusively demonstrates the Court must deny the Government's motion.

First, the Government describes its motion as pursuant to Rule 7 of this Court's rules of procedure but Rule 7 does not allow the relief requested. Rather, Rule 7 allows for only a motion, opposition, and reply. Under the letter of Rule 7, the Court must deny the motion. Tellingly, the Government does not cite (and cannot cite) any authority for its extraordinary request to file an out of time supplement to its motion and reply briefs several months after it filed them on April 7, 2024, and May 9, 2924, respectively.

Second, the Government does not meet this Court's basic standard for supplemental briefing that the subject be newly discovered facts or argument arising **after** its prior filing. The issues of whether the DEA is vested with admissibility

authority, and whether, if the DEA is vested with such authority, it exercised it in

this case, are at the heart of this case and have been hotly contested in every filing

and at the September 19, 2024, oral argument before this Court. As this Court

observed during oral argument, the Government could have included this alleged

evidence in its motion or reply briefs, or at the very least brought it to oral argument.

It did not. Only after the Government apparently realized its motion is in serious

trouble at the oral argument does it desperately seek to resurrect its case by searching

for purportedly helpful communications. The Court should not reward the

Government's failings, and further unfairly delay this case, by entertaining the

Government's potentially empty promise to supply previously available evidence at

this late date. This is especially true at the motion to dismiss stage, in which the

Court's decision is traditionally bound by the allegations on the face of the pleadings.

### THERE ARE NO LEGAL OR FACTUAL GROUNDS FOR LEAVE TO SUPPLEMENT ADDITIONAL ARGUMENT

As to the Government's request to supplement and/or modify its legal theory,

the Government failed to comply with the Court's order to both parties to submit

legal authorities supporting its position that the DEA is vested with admissibility

authority by September 27, 2024. Plaintiff readily complied with the Court's order,

providing the Court with legal citations showing the DEA is not vested with

admissibility authority in advance of the Court's deadline. See Doc. 27. The

Government failed to respond to the order. The Government should not now be

rewarded for failing to respond to this Court's by getting an unwarranted chance to respond to Plaintiff's submission now that it has had the opportunity to review Plaintiff's submission. This unprecedented gift to the Government would be patently unfair to Plaintiff because Plaintiff was not afforded, has not requested, and does not need or want, such an allowance.

And, to the extent the Government challenges whether the authority to detain or admit merchandise is "controlling," its quarrel is with this Court, which solicited citations on this jurisdictional issue, not Plaintiff, which simply provided them to the Court as requested. Just as important, the Government's motion appears to acknowledge that the DEA lacks the vested authority to detain or admit merchandise at the border and shockingly seeks to raise a new *post hoc* basis for arguing against jurisdiction that is missing its prior briefing. Doc. 28, at 3 ("We respectfully request an opportunity to respond and explain why the **authority to detain and admit is not the controlling analysis for the jurisdictional question here**.") (emphasis added). Again, this Court should not indulge the Government's desperate attempts to save its motion to dismiss months after briefing concluded and weeks after the parties orally argued on the motion in court. As the movant, the Government has had multiple opportunities to argue its motion to dismiss and the Court should decide the motion based on the arguments and evidence before it.

Finally, the Government's further request to brief this Court's jurisdictional authority now that CBP purportedly "seized" the merchandise utterly lacks merit. As Plaintiff argued in its opposition and at oral argument, this Court has previously held in *CBB* that after an action contesting a protest decision has been initiated before this Court, as is the case here, CBP has no authority to seize merchandise unless this Court first decides it lacks jurisdiction, which has not yet occurred and may not occur. See CBB Grp., Inc. v. United States, 35 C.I.T. 743, 748 (2011). The Government's continued assault on and attempt to usurp this Court's jurisdiction contrary to a CIT case directly on point precluding such action is jarring and surprising coming from the Government. Pursuant to this Court's holding in *CBB*, the Court should order the Government to immediately cancel its claimed seizure pending the Court's jurisdiction decision.

## CONCLUSION

The Government cites no legal authority or factual justification in support of its extraordinary motion to supplement its motion to dismiss several months after-the-fact, and weeks after oral argument. There is no legal authority or factual justification for the motion. Finally, the Government purposely usurped this Court's authority by seizing merchandise at issue in this protest case before the Court before this Court has decided whether it has jurisdiction. Accordingly, this court should

6

deny the motion and order the Government to cancel its claimed seizure.

Dated: October 8, 2024, Los Angeles, California.

Respectfully submitted,

STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Elon A. Pollack
Christopher J. Duncan
Attorneys for Plaintiff
865 S. Figueroa Street, Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888

By      //Elon A Pollack//
        Elon A. Pollack

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

UNICHEM ENTERPRISES, INC.          x
                                   :
       Plaintiff,                  :
                                   :
       v.                          :          Court No. 24-00033
                                   :
UNITED STATES,                     :
                                   :
       Defendant.                  :
_____        x

## CERTIFICATE OF COMPLIANCE

I, Elon A. Pollack, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 1,413 words.

                     //Elon A Pollack//
                     Elon A. Pollack